IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHON MARK,

                Plaintiff,

v.

MELANIE HARPER,

                Defendant.

OPINION and ORDER

22-cv-364-jdp

---

Plaintiff Jonathon Mark, appearing pro se, is a former state of Wisconsin prisoner who alleges that defendant prison employee Melanie Harper retaliated against him by giving him a false conduct report and placing him in segregation. Defendant Harper has filed a motion for summary judgment. Mark did not submit opposition materials, even after the court sent the briefing schedule to two addresses that Mark has used in cases in this court. *See* Dkt. 19. Therefore, I will accept the proposed findings of fact submitted by Harper as undisputed. Fed. R. Civ. P. 56(e)(2). After considering the undisputed facts, I will grant summary judgment to defendant Harper.

UNDISPUTED FACTS

Plaintiff Jonathon Mark was incarcerated at the New Lisbon Correctional Institution during the events relevant to this case. Defendant Melanie Harper was employed by the Department of Corrections as a corrections program supervisor.

On September 15, 2020, Mark sent a letter to Harper asking to open indoor recreation at the prison. At the time, indoor recreation was closed as a COVID-19 precaution. The letter stated in part, "Everyone, as far as I know and hear, want the inside rec opened up. If need be,

I can have most of the inmates of this institution write to you and/or the warden, to open up the inside rec building." Dkt. 18-1, at 4.

Harper believed that Mark's statement about getting fellow inmates to complain about recreation violated Wisconsin Administrative Code DOC § 303.24 ("Group resistance and petitions"), which prohibits inmates from "join[ing] in or solicit[ing] another to join in any group petition or statement"). Harper issued Mark a conduct report. Shortly thereafter, non-defendant Lieutenant Bonfiglio placed Mark in temporary lockup. Mark was found guilty and he received a disposition of 16 days of room confinement.

## ANALYSIS

I granted Mark leave to proceed on a First Amendment retaliation claim against Harper for issuing him a baseless conduct report and placing him in segregation.

To establish a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). If the plaintiff makes this showing, the burden shifts to defendants to show that they would have taken the same action even without the retaliatory motive. *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011). In considering a retaliation claim, the court must "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (internal quotations and

citations omitted); *see also Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020) (citing *Babcock*).

Ordinarily, the First Amendment protects inmates' complaints to prison staff, and it's undisputed that Harper gave Mark the conduct report in response to his letter. But there isn't any evidence that Harper wrote the conduct report to punish Mark for his protected conduct—for instance, there is no evidence that Harper held animus toward prisoners who complained or against Mark personally. Rather, on its face the conduct report was in response to a particular portion of Mark's letter that Harper perceived to be a threat to organize a group petition regarding recreation.

In any event, even if a prison official held retaliatory intent, a plaintiff cannot maintain a retaliation claim for a conduct report given for legitimate reasons. *Brown v. Phillips*, 801 F.3d 849, 855 (7th Cir. 2015) (citing *Hammer v. Ashcroft*, 570 F.3d 798, 803 (7th Cir. 2009), and *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)). In Mark's complaint he states that the conduct report was "baseless and frivolous," Dkt. 1, at 2, by which I take him to be saying that there wasn't a valid basis to charge him with "group resistance and petitions" because he wasn't actually threatening to organize a group petition. But the question isn't whether Harper interpreted the true purpose of Mark's statement correctly; it's whether there was a legitimate reason for Harper to pursue the conduct report. Even if Harper was ultimately wrong about the true purpose of Mark's letter, defendants do not violate the Constitution merely by making errors in disciplinary proceedings. *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1418 (2016) (adverse act because of "mistaken belief" does not violate First Amendment); *Williams v. Brown*, No. 17-cv-11-bbc, 2017 WL 782958, at *2 (W.D. Wis. Feb. 28, 2017) (no First Amendment retaliation claim against officer who gave conduct report for prisoner who failed to give officer

information about an assault; "even if it is true that [the prisoner] had no information to give and [the officer] believed mistakenly that [the prisoner] was lying, a mistake is not a First Amendment violation"). The record here leads to only one reasonable inference: that Harper believed that Mark was violating the regulation against group petitions. That dooms his retaliation claim. This court is not the proper place to challenge whether state officials properly interpreted their regulations. *See State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 119–20, 289 N.W.2d 357 (Ct. App. 1980) (prisoner can challenge disciplinary decision by writ of certiorari).

If what Mark means by the conduct report being baseless is that the group petition regulation itself violates the First Amendment, that argument also fails. Harper states that "inmates are not allowed to engage in group resistance and petitions because it can lead to demonstrations or protests that disrupt the safety, security, and orderly operation of the institution." Dkt. 18, at 2–3. This court generally defers to prison officials on matters of prison security. *See Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989)) ("Courts must "afford[ ] considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world."). And "courts have consistently upheld prison regulations limiting group action by prisoners." *Kuslits v. Stoudt*, No. 15-cv-809-bbc, 2016 WL 1248995, at *2 (W.D. Wis. Mar. 29, 2016). I will grant summary judgment to defendant Harper and dismiss the case.[1]

---

[1] Harper also contends that she is entitled to qualified immunity on Mark's retaliation claim. Because I am dismissing Mark's claim on the merits, I need not consider Harper's qualified immunity argument.

ORDER

IT IS ORDERED that:

1. Defendant Melanie Harper's motion for summary judgment, Dkt. 15, is GRANTED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered September 5, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge